UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN W. SMITH,                    )
                                    )  No. CV-10-00005-JPH
              Plaintiff,            )
                                    )  ORDER GRANTING DEFENDANT'S
v.                                  )  MOTION FOR SUMMARY JUDGMENT
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
              Defendant.            )
                                    )
_____ )

     BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 8, 2011 (Ct. Rec. 13, 18). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Commissioner). The parties consented to proceed before a magistrate judge (Ct. Rec. 6). On December 13, 2010, plaintiff filed a reply (Ct. Rec. 20). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

**JURISDICTION**

     Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on

June 17, 2003, alleging amended onset as of July 1, 2003, due to narcissistic personality disorder, mixed personality disorder, and depression (Tr. 170-172, 204, 456-458, 518). The applications were denied initially and on reconsideration. Administrative Law Judge (ALJ) Paul L. Gaughen held the most recent hearing December 12, 2007[1]. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 552-568). On April 25, 2008, the ALJ issued a decision finding plaintiff not disabled when substance abuse (DAA) is excluded (Tr. 33-41). The Appeals Council admitted additional evidence and denied review on November 13, 2009 (Tr. 9-12). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On January 5, 2010, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g)(Ct. Rec. 1,4).

### STATEMENT OF FACTS

The facts are known to the parties and are only summarized here when necessary to explain the Court's decision.

Plaintiff was 39 at onset in 2003. He completed a year or two of college with no reported academic difficulty. Mr. Smith has worked as a groundskeeper, laborer, janitor, logger, and agricultural worker (Tr. 205, 210, 226, 365, 485-496, 514-515, 542-544). He was charged with felony harassment, eluding, domestic violence, and violating a no-contact order in April and May 2000 (Tr. 272-288, 364) and eventually served three months (Tr. 504).

---

[1]The Appeals Council remanded for the ALJ to clarify the effect of assessed limitations on the claimant's occupational base in accord with the Regulations (Tr. 144-145).

At the August 2005 hearing Smith testified he stopped working in 2003 because he was afraid of killing himself. He loses concentration, takes "a long time" completing tasks, and has memory problems. He quit drinking nine months before the hearing, in November 2010 (Tr. 497, 502-505, 508).

Plaintiff testified in October 2005 his symptoms had not improved (Tr. 541). At the most recent hearing in December 2007, plaintiff testified he was homeless (bouncing from one place to another), has memory problems, and difficulty kneeling (Tr. 564-566).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382a(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 5 -

1  using alcohol or drugs.

2                    **STANDARD OF REVIEW**

3        Congress has provided a limited scope of judicial review of a

4  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

5  the Commissioner's decision, made through an ALJ, when the

6  determination is not based on legal error and is supported by

7  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

8  Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

9  "The [Commissioner's] determination that a plaintiff is not

10  disabled will be upheld if the findings of fact are supported by

11  substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

12  Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is

13  more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

14  1119 n.10 (9th Cir. 1975), but less than a preponderance.

15  *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);

16  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

17  573, 576 (9th Cir. 1988). Substantial evidence "means such

18  evidence as a reasonable mind might accept as adequate to support

19  a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

20  (1971)(citations omitted). "[S]uch inferences and conclusions as

21  the [Commissioner] may reasonably draw from the evidence" will

22  also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.

23  1965). On review, the Court considers the record as a whole, not

24  just the evidence supporting the decision of the Commissioner.

25  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting*

26  *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

27        It is the role of the trier of fact, not this Court, to

28  resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 6 -

1   evidence supports more than one rational interpretation, the Court
2   may not substitute its judgment for that of the Commissioner.
3   *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
4   (9th Cir. 1984). Nevertheless, a decision supported by substantial
5   evidence will still be set aside if the proper legal standards
6   were not applied in weighing the evidence and making the decision.
7   *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
8   433 (9th Cir. 1987). Thus, if there is substantial evidence to
9   support the administrative findings, or if there is conflicting
10  evidence that will support a finding of either disability or
11  nondisability, the finding of the Commissioner is conclusive.
12  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

13  **ALJ'S FINDINGS**

14      Plaintiff was insured through December 31, 2008, for DIB
15  purposes (Tr. 33, 35). At step one ALJ Gaughen found Mr. Smith did
16  not engage in substantial gainful activity after onset July 1,
17  2003 (Tr. 35, 39). At steps two and three, he found (excluding
18  DAA) plaintiff suffers from narcissistic personality disorder, a
19  severe impairment, but one that does not meet or equal the
20  severity of the Listings (Tr. 36, 38). With DAA included, he
21  suffers from narcissistic personality disorder, an affective
22  disorder (depression/adjustment disorder), and DAA. These
23  impairments alone or in combination do not meet or equal the
24  severity of the Listings but pose moderate and moderate to marked
25  difficulties in functioning, meaning plaintiff is disabled when
26  DAA is included (Tr. 36-38). At step four, relying on the VE, the
27  ALJ found plaintiff can perform past work when DAA is excluded.
28  The ALJ found Mr. Smith is not disabled as defined by the Social

Security Act (Tr. 38, 40-41).

**ISSUES**

Plaintiff alleges the ALJ failed to properly credit the opinions of psychologist Dennis Pollack, Ph.D., and treatment provider Rogelio Cantu, PAC. (Ct. Rec. 14 at 14-17). The Commissioner disagrees. Asserting the decision is free of legal error and supported by substantial evidence, he asks the Court to affirm (Ct. Rec. 19 at 6).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a

treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Psychological limitations**

Plaintiff alleges the ALJ should have credited examining psychologist Dr. Pollack's opinion (Ct. Rec. 14 at 14-16). The Commissioner asserts the ALJ gave specific and legitimate reasons for rejecting this opinion, including the ALJ's consideration of (1) the opinions of examining psychologist Joyce Everhart, Ph.D., and testifying psychologist Ronald Klein, Ph.D.; (2) plaintiff's diminished credibility and the extent to which Dr. Pollack relied on plaintiff's unreliable self-reporting, and (3) plaintiff's

MMPI-2 results suggest malingering, but Dr. Pollack leaves the question of malingering unresolved (Ct. Rec. 19 at 6-8).

More than three years before onset, in April 2000, Mr. Smith was admitted to Eastern State Hospital (ESH) for a 15-day competency evaluation in connection with pending felony harassment, felony eluding, and domestic violence charges (Tr. 272). His discharge diagnosis included an adjustment disorder with mixed emotional features; episodic alcohol abuse, and mixed personality disorder. His assessed GAF was 75 (Tr. 277).

Smith was admitted to ESH a second time in May 2000, for another 15-day evaluation, this time after he was charged with violating a no-contact order. Two weeks earlier he had been served with "divorce papers" (Tr. 288). When discharged May 24, 2000, his assessed GAF was 50-51 (Tr. 290). Records from Spokane Mental Health (SMH) in July and December 2000 show a rule out diagnosis of alcohol abuse and a GAF of 45 (Tr. 340, 355). At discharge in December 2000 "client proved to be here for secondary gain.[2]" No medications were prescribed at discharge (Tr. 326, 356).

Dr. Everhart evaluated plaintiff in October 2003, about three months after onset. Mr. Smith suffered diabetes, as well as aching in his head, back, and legs. He gets angry and upset, and is afraid he will be unable to finish anything. For the past two weeks he drank 3 beers a day; before that, he daily drank 8 or 9 beers. Dr. Everhart diagnosed adjustment disorder with mixed

---

[2]The writer goes on to explain Smith was told repeatedly the classes he took at SMH did not meet the court ordered treatment requirements of a domestic violence perpetrator program but he "apparently did not want to pay for this type of treatment" (Tr. 356).

anxiety and depressed moods, rule out alcohol abuse, and narcissistic personality disorder. She assessed a current GAF of 61 and 61 as the highest in past year (Tr. 363-367).

Dr. Pollack evaluated plaintiff on July 5, 2005, more than two years after onset. He diagnosed alcohol dependence, in remission, and personality disorder NOS. He opined plaintiff's ability to complete a normal workday and workweek is markedly limited; his ability to work in proximity to others and accept instruction and criticism are both moderately limited (Tr. 399-408). Dr. Pollack observes MMPI-2 results suggest the possibility of malingering (Tr. 402).

The ALJ considered the opinion of Dr. Klein, who testified at the October 2005 hearing. After reviewing the records he opined plaintiff suffers marked limitations when DAA is included (Tr. 526-528). Plaintiff told SMH he spends "a fair amount of time in bars only because he likes to sing karaoke" and "only drinks tea" (Tr. 528). Records indicate a need for alcohol counseling. Plaintiff threatened suicide if "he were to be taken back to jail." He drank daily at least as of October 2003 (Tr. 528). Plaintiff's overly dramatic descriptions of suicide are consistent with patients who do not intend to follow through but instead desire sympathy and emotional support (Tr. 528-529). Dr. Klein describes plaintiff's MMPI-2 results as consistent with manipulation. Plaintiff apparently tried to deceive others about his felony convictions (Tr. 530-531). Dr. Klein doubts lack of money is the real or sole reason plaintiff has not sought mental health treatment since 2002 (Tr. 531-532). He gave Dr. Everhart's opinion the most weight because it was largely consistent with

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 11 -

records from ESH and SMH (Tr. 532). Dr. Klein notes the record reveals plaintiff is able to control actions when alcohol free (Tr. 534).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 38-40). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility, including plaintiff's ability to work after onset without any special accommodations, extensive daily activities,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 12 -

inconsistent statements, and lack of mental health treatment (Tr. 35, 39-40).

The record supports the ALJ's assessment.

The ALJ notes Dr. Everhart's October 2003 test results revealed normal intellectual ability, concentration, and persistence. Mr. Smith could perform multi-step tasks. Her assessed GAF of 61 indicates mild symptoms or difficulties functioning (Tr. 37, 367). The ALJ accurately observes these results contradict plaintiff's testimony he takes a long time to complete work related tasks (Tr. 39, 503). Dr. Everhart's test results undermine memory and concentration problems he reported September 16, 2003 (Tr. 234-235). The ALJ observes Mr. Smith's testimony that he is slow is unsupported by treatment records. Plaintiff has not complained to providers about doing tasks "too slowly," and told Dr. Everhart he has never been told he was too slow on a job (Tr. 39, 365).

Activities after onset have included fishing, camping, a stated desire to go dancing, driving, using public transportation, reading, swinging a hammer, shopping, working on cars, gardening, and being able to walk a mile (Tr. 16, 217, 236, 366, 401, 503, 505). Significantly, plaintiff did not participate in ongoing mental health treatment after onset in July 2003. He took no psychotropic medications at the October 2005 hearing (Tr. 40, 410).

The ALJ's reasons for his credibility determination are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 13 -

daily activities). The ALJ is permitted to consider lack of treatment when he assesses credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ gave clear and convincing reasons supported by substantial evidence for his unchallenged credibility determination.

The ALJ rejected Dr. Pollack's assessed limitations and credited the opinions of Drs. Everhart and Klein (Tr. 39-40). The Commissioner correctly points out Dr. Pollack's opinion is ambiguous with respect to test results indicating possible malingering. Resolving ambiguity is the province of the ALJ, not the court.

Dr. Pollack's opinion appears based at least in part on plaintiff's unreliable self report. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

In addition to the testimony of a nonexamining advisor, like Dr. Klein, the ALJ must have other evidence to support a decision to reject a treating or examining doctor's opinion, such as contrary reports from other examining doctors, such as Dr.

Everhart. *See Magallanes v. Bowen*, 881 F.2d at 751-752. The ALJ's reasons for rejecting Dr. Pollack's contradicted opinion are specific, legitimate and supported by substantial evidence. His credibility determination is supported by clear and convincing reasons. The ALJ properly assessed the opinion evidence of psychological limitations and plaintiff's credibility.

**C. Physical limitations**

Plaintiff alleges the ALJ should have credited treatment provider Rogelio Cantu, PAC's assessed physical limitations (Ct. Rec. 14 at 16-17). The Commissioner asserts the ALJ properly elected to credit the opinion of examining doctor Kristopher Stanton, M. D. (Ct. Rec. 19 at 8-9). Alternatively, the Commissioner asserts any error is harmless (Ct. Rec. 9-10).

Mr. Smith saw Mr. Cantu on October 5, 2005, for a GAU evaluation, more than two years after onset. Plaintiff last worked two years ago, quit taking diabetes medication two years earlier due to cost, had never had a foot exam, and last had his eyes examined "many years ago." He does not monitor blood sugars regularly, denies drinking alcohol, and denies any feelings of depression. He complained of left foot pain and a skin condition (Tr. 411-413). Mr. Cantu assessed an RFC for light work. He opined foot pain causes significant interference with standing and walking, but not sitting. He expected the limitation would last 60 days without treatment, and recommended further podiatry and optometry evaluation (Tr. 423-424).

A podiatrist recommended a "prefab orthotic" in March 2006 (Tr. 443). In July 2007, neuromas and a plantar fibroma were diagnosed (Tr. 444). In August 2007 plaintiff told Kristopher

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 15 -

Stanton, M.D., he was working. Mr. Smith was opening an SSI claim. He had been "served papers to begin paying child support of $535 per month." Dr. Stanton told plaintiff he thought he was able to work (Tr. 453-454).

At the most recent hearing in December 2007, the VE opined if plaintiff was limited to light work (with the same mental limitations), he could not perform past work but could do work such as housekeeping (Tr. 563). The Commissioner is correct any alleged error in the ALJ's treatment of Mr. Cantu's opinion is harmless. Even if the ALJ fully credited his RFC, plaintiff would remain able to work.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 8th day of April, 2011.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE